UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

SUFFOLK REGIONAL OFF-TRACK
BETTING CORPORATION,                           CHAPTER 9
                                               CASE NO. 12-43503-CEC

                          Adjusted Debtor

JENNIFER TOMASINO, KEVIN MONTANO,
RICHARD MEYER, APRYL MEYER,

                              Plaintiffs,

         v.                                    Adv. Proc. No. 1-18-01033-CEC

INCORPORATED VILLAGE OF ISLANDIA,
BOARD OF TRUSTEES OF THE INCORPORATED
VILLAGE OF ISLANDIA, DELAWARE NORTH
ISLANDIA PROPERTIES, LLC, a/k/a DELAWARE
NORTH, and SUFFOLK REGIONAL OFF-TRACK
BETTING CORPORATION,

                              Defendants.

## DECLARATION OF DANIEL A. SPITZER

         Daniel A. Spitzer, under penalty of perjury and pursuant to 28 U.S.C. § 1746,

declares the following to be true and correct:

         1.       I am a member of the firm Hodgson Russ LLP, counsel for the Defendant

Delaware North Islandia Properties, LLC, a/k/a Delaware North ("Delaware North").  As such, I

am fully familiar with the facts and circumstances addressed herein.

2.    I submit this Declaration in support of Delaware North's Motion for Summary Judgment to provide the Court with information about the use of host community agreements like the Taxpayer Relief Agreement between Delaware North and the Village of Islandia (the "Village") and how such agreements are commonly used in land use proceedings.

3.    Additionally, as part of the record of Delaware North's Motion for Summary Judgment, this Declaration is submitted to provide the Court with true and correct copies of public records, materials produced in discovery, and referenced portions of transcripts of Plaintiffs' depositions.

**The Taxpayer Relief Agreement (the "TRA") and Amended and Restated Taxpayer Relief Agreement (the "Amended TRA")**

4.    For their first cause of action, Plaintiffs have asserted that Local Law No. 3 of 2017 (the "Local Law") is illegal because the Village engaged in illegal contract zoning, essentially claiming the Board of Trustees (the "Board") sold its legislative power in return for the TRA and Amended TRA (collectively, the "TRAs").

5.    This claim fails on its face because the plain language of the TRAs show no obligation of the Village to take any legislative action whatsoever.  Rather, the TRAs are designed to create concrete obligations of the conditions relative to the operation of Delaware North's video lottery terminal facility (the "VLT Facility") to ameliorate and mitigate adverse impacts on the community.  Dorman Decl., Exs. C and G.

6.    The TRAs are a form of host community agreement, which are commonly used in land use proceedings to facilitate the delivery of benefits to the community and ensure conditions imposed a part of approvals are carried out.

7.      The New York Court of Appeals has long recognized that conditions are appropriate on rezonings and agreements relative to those conditions are appropriate legal devices that do not in any way cross into improper contract zoning territory.  *See, e.g., Church v. Town of Islip*, 8 N.Y.2d 254, 259 (1960) (holding that conditions imposed on a rezoning local law requiring the developer to enter into a restrictive covenant limiting the use of property was permitted and was not improper contract zoning).

8.      In regard to special use permits, such as that originally sought by Delaware North, the State Legislature specifically granted villages the authority to impose conditions, N.Y. VILLAGE LAW § 7-725-b(4), and formal agreements are frequently used in relation to those conditions.

9.      Your declarant has been involved in many projects where host community agreements have been used, included energy, housing, landfill, and mining projects.  None of these agreements are tradeoffs for approvals; rather, they are enforceable mechanisms for ensuring the community receives the promised benefits and mitigation.

10.      For example, they allow agencies to fulfill their obligations under the New York State Environmental Quality Review Act ("SEQRA") to mitigate adverse impacts to the maximum extent practicable by entering into agreements enforcing mitigation requirements.

11.      Host community agreements provide a flexible mechanism for the provision of benefits.  For example, in one project our firm handled, the Village of Angelica received a new, upgraded powerline connecting the Village's electric system to the main grid, as part of the Hyland Landfill's Gas-to-Energy project.  Like most host agreements, the Village

received not only improved facilities, but cash payments to the community may be used for community development and impact mitigation.

12.     The TRAs between Delaware North and the Village are typical agreements related to physical improvements and community benefits, commonly used in land use proceedings, with no obligation created to approve any application or to take any legislative action.  That is especially the case here where the Local Law was adopted and the VLT Facility Certificate of Occupancy was issued two months before the Amended TRA was adopted.

13.     As noted in Delaware North's Memorandum of Law submitted herewith, host community agreements are utilized in the gaming context.  For example, in the statute authorizing additional casino licenses throughout New York, the Legislature required applicants to demonstrate that they had identified infrastructure costs and service costs that would be incurred by the host municipality, and that the applicant had committed to a mitigation plan for the community.  N.Y. RAC. PARI-MUT. WAG. & BREED. LAW §§ 1316(6)-(7).  Applicants complied with the statute by entering into host community agreements, like the TRAs.  One such example is the host community agreement between the Town of Tyre, Whitetail 414, LLC, and Wilmorite, Inc., a copy of which is attached hereto as **Exhibit A**.

14.     Significantly, while the Legislature imposed these requirements on applicants, it did not provide for any enabling legislation authorizing host community agreements, recognizing the already existing authority of communities to mitigate impacts through such agreements.

**The Attached Documents**

15.     Attached as **Exhibit B** to this Declaration is the Suffolk County Department of Economic Development and Planning Staff Report on Delaware North's application for a special use permit, dated August 3, 2016.

16.     Attached as **Exhibit C** to this Declaration is the Suffolk County Department of Economic Development and Planning's recommendation on Delaware North's special use permit application, dated August 5, 2016, including the adoption of the Staff Report.

17.     Attached as **Exhibit D** to this Declaration are referenced portions of the transcript of the deposition of Plaintiff Kevin Montano, taken October 12, 2018.

18.     Attached as **Exhibit E** to this Declaration are referenced portions of the transcript of the deposition of Plaintiff Richard Meyer, taken October 12, 2018.

19.     Attached as **Exhibit F** to this Declaration are referenced portions of the transcript of the deposition of Plaintiff Apryl Meyer, taken October 15, 2018.

20.     Attached as **Exhibit G** to this Declaration are referenced portions of the transcript of the deposition of Plaintiff Jennifer Tomasino, taken October 15, 2018.

Dated:          October 29, 2018
                Buffalo, New York

_____
          Daniel A. Spitzer