# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X

JENNIFER TOMOSINO, NEIL MUNRO, APRYL
MEYER, FRAN PEKOR, THE CONCERNED CITIZENS
OF SUFFOLK COUNTY, INC., THE HAMLET AT
WINDWATCH GOLF & COUNTRY CLUB HOME
OWNERS, INC. and THE RONKONKOMA CIVIC
ASSOCIATION,

Index No.: *16-089 0)*

NOTICE OF PETITION

*filed 5 to Clerk*
*9/14/16*
*J Pascolly*
*SC Clk*

                                        Petitioners,

        -against-

THE BOARD OF TRUSTEES OF THE INCORPORATED
VILLAGE OF ISLANDIA, THE INCORPORATED
VILLAGE OF ISLANDIA, MICHAEL ZALESKI and
DELAWARE NORTH ISLANDIA PROPERTIES, LLC,

                                        Respondents,

For a judgment pursuant to C.P.L.R. Article 78
annulling and vacating certain resolutions adopted by the
Board of Trustees of the Incorporated Village of Islandia
on August 12, 2016 approving the application of Delaware
North Islandia Properties, LLC for a special permit
regarding the permitted use of real property
and for other relief.
-------------------------------------------------------------------X

        Upon the annexed petition  verified by Neil Munro on the 13th day of September, 2016

and the affidavit of Eric B. Lewis, MAI, FRICS, sworn to the 12th day of September 2016, an

application will be made to this court at an I.A.S. Part thereof at the courthouse located at 1 Court

Street, Riverhead, NY 11901 on the 21st day of October 2016 at 9:30 o'clock in the forenoon of that

day or as soon thereafter as counsel can be heard for a judgment pursuant to article 78 of the civil

practice laws and rules setting aside and vacating certain resolutions adopted by the respondent,

Board of Trustees of the Incorporated Village of Islandia, on August 12, 2016 and its issuance of a

special use permit to the Respondent, Delaware North Islandia Properties, LLC on said date as

unlawful, arbitrary and capricious and because they were not adopted and approved in accordance

with SEQRA and because the motions to adopt the resolutions were not duly placed on the table of

the Village Board of the Incorporated Village of Islandia for a vote for want of a second to the

motions and a declaring that respondent, Michael Zaleski's holding the office of trustee

automatically became vacant and unoccupied as of the earliest date he was appointed as and accepted the position of Fire Marshal, Code Enforcement Officer, Chief of Public Safety and/or Deputy Mayor of the respondent, Incorporated Village of Islandia and that all subsequent actions taken by him as trustee were and are unlawful, null and void and vacating and setting aside the resolutions and the special permit because they were not duly and lawfully placed before the Village Board of the Incorporated Village of Islandia for approval or disclosed or made available to the general public, including the petitioners, prior to their approval and adoption.

PLEASE TAKE FURTHER NOTICE, that pursuant to §403(b) of the civil procedure laws and rules, demand is made that the answer, opposing affidavits and the certified transcript of the record be served at least seven days before the time the notice of petition is to be heard.

Pursuant to the C.P.L.R. §506(b), Suffolk County is designated as the venue of this proceeding because that is the county where the governmental respondents reside and the challenged actions were made.

Dated: Melville, New York
           September 14, 2016

By: _____

Anton J. Borovina

425 Broad Hollow Road, Ste. 203
Melville, New York 11747
(631) 630-1101

-and-

Paul Sabatino II
1617 New York Ave.
Huntington Station, New York 11746

*Attorneys for Petitioners*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------------X

JENNIFER TOMOSINO, NEIL MUNRO, APRYL
MEYER, FRAN PEKOR, THE CONCERNED CITIZENS
OF SUFFOLK COUNTY, INC., THE HAMLET AT
WINDWATCH GOLF & COUNTRY CLUB HOME
OWNERS, INC. and THE RONKONKOMA CIVIC
ASSOCIATION,

                             Petitioners,

      -against-

THE BOARD OF TRUSTEES OF THE INCORPORATED
VILLAGE OF ISLANDIA, THE INCORPORATED
VILLAGE OF ISLANDIA, MICHAEL ZALESKI and
DELAWARE NORTH ISLANDIA PROPERTIES, LLC,

                             Respondents,

For a judgment pursuant to C.P.L.R. Article 78
annulling and vacating certain resolutions adopted by the
Board of Trustees of the Incorporated Village of Islandia
on August 12, 2016 approving the application of Delaware
North Islandia Properties, LLC for a special permit
regarding the permitted use of real property
and for other relief.
--------------------------------------------------------------------X

Index No.:

**VERIFIED PETITION**

To the Supreme Court of the State of New York, County of Suffolk:

       The petitioners, Jennifer Tomosino, Neil Munro, Apryl Meyer, Fran Pekor, The

Concerned Citizens of Suffolk County, Inc., The Hamlet at Windwatch Golf & Country Club

Home Owners, Inc. and The Ronkonkoma Civic Association, (collectively "petitioners"), by their

attorneys, Anton J. Borovina and Paul Sabatino II, of counsel, respectfully petition this court as

follows:

        1.      Petitioners commence this proceeding pursuant to Article 78 of the Civil

Practice Law and Rules to set aside and vacate certain resolutions adopted by the Board of

Trustees of the Incorporated Village of Islandia ("Village Board") on August 12, 2016 and its

issuance of a special permit to Respondent, Delaware North Islandia Properties, LLC ("DNIP")

as being unlawfully adopted pursuant to the Village Zoning Code and State Environmental

Quality Review Act ("SEQRA"), ECL §§ 8-8101 *et seq*., arbitrary and capricious.

### THE PARTIES

2.      Petitioner, Jennifer Tomosino ('Tomosino"), is a resident of the

Incorporated Village of Islandia, County of Suffolk, NY residing at 4 Dawson Court, Islandia,

NY 11749.

3.      Petitioner, Neil Munro ("Munro"), is a resident of the Incorporated Village

of Islandia, County of Suffolk, NY residing at 2066 Motor Parkway, Islandia, NY 11749.

4.      Petitioner, Apryl Meyer ("Meyer"), is a resident of the Incorporated

Village of Islandia, County of Suffolk, NY residing at 1 Dawson Court, Islandia, NY 11749.

5.      Petitioner, Fran Pekor ("Pekor"), is a resident of the Incorporated Village

of Islandia, County of Suffolk, NY residing at 5 Dawson Court, Islandia, NY 11749.

6.      Petitioner, The Concerned Citizens of Suffolk County, Inc. is a not-for-

profit corporation organized under the laws of the State of New York having its principal place

of business located at 1 Dawson Court, Islandia, NY 11749.

7.      Petitioner, The Hamlet at Windwatch Golf Club Homeowners

Association, Inc., ("Windwatch"), is a not-for-profit corporation organized under the laws of the

State of New York having its principal place of business located at 27 Hamlet Drive, Hauppauge,

NY 11788.

8.     Petitioner, The Ronkonkoma Civic Association is a civic association having its principal place of business located at 2325 Sycamore Ave., Ronkonkoma, NY 11779.

9.     Respondent, the Village Board, is comprised of the mayor and four trustees, each of whom are elected village officials, and is the governing and supervisory body of the Incorporated Village of Islandia ("Village") and is vested with those powers and limitations prescribed by general and special laws and the Code adopted by the Incorporated Village of Islandia, NY ("Village").

10.     The Village Board is vested with the authority and responsibility, among other things, to determine the compensation of its Village Officers and employees and to prescribe their respective duties, terms and conditions of employment.

11.     Respondent, Village, is a municipal corporation and political subdivision of the State of New York.

12.     Upon information and belief, Respondent, Michael Zaleski ("Zaleski"), is a resident of the Village.

13.     Upon information and belief, respondent, DNIP , is a foreign limited liability company organized under the laws of the State of Delaware having its principal place of business located at 250 Delaware Ave., Buffalo, NY 14202.

14.     Upon information and belief, DNIP is a privately-held limited liability company engaged in the business of providing, among other things, hospitality, food service and gaming and derives or intends to derive substantial business revenue and profits as a result of the actions taken by the Village Board on August 12, 2016.

## STANDING

15.     Petitioners are persons each of whom are aggrieved by the final actions taken by the Village Board as alleged in this petition.

16.     Tomosino, Munro, Meyer, Pekor and Windwatch each own real properties within the Village that are assessed in an amount greater than one thousand dollars and are liable to pay taxes based upon said assessments.

## THE FACTS

17.     In 1989 and acting in accordance with the Village Zoning Code ("Zoning Code", hereinafter cited by section), the Village Board issued a special permit ("Hotel Special Permit") authorizing Columbia Properties Islandia LP ("Columbia"), the then owner of a 7.88±-acre parcel of land situated at 3635 Express Drive North, Islandia, NY 11749 having SCTM# 504-8-2-58.2 ("Premises") to construct and operate a hotel with banquet facilities, a restaurant, a nightclub, meeting rooms and swimming pool, together with an associated parking lot, which became known and is more commonly known today as the Islandia Marriot Long Island Hotel ("Marriott").

18.     Since 1989 to the present time, the Premises has been used and occupied as a hotel in accordance with the Hotel Special Permit.

19.     Upon information and belief, DNIP is the present owner of the Marriott.

20.     Upon information and belief, DNIP is the present owner of the Premises.

21.     Upon information and belief, DNIP is authorized to use the Premises as a hotel under the Marriott banner or franchise and in accordance with the Hotel Special Permit.

22.    The Premises is located within the Office and Industrial District of the Village's Zoning Map ("OID").

23.    On March 28, 2016, DNIP applied to the Village Board for a special permit authorizing the construction and use of a video lottery gaming facility, including, among other things, a video lottery terminal ("VLT") and an off-track-betting ("OTB") simulcast facility ("OTB Application"), as an accessory use of the hotel located on the Premises.

24.    On August 12, 2016, the Village Board adopted a resolution approving the issuance of a Notice of Determination of Non-Significance (Negative Declaration) pursuant to SEQRA after determining that its approval of the OTB Application would not have a significant negative impact on the environment  ("SEQRA Resolution").

25.    A true and accurate copy of the SEQRA Resolution is annexed to this petition as exhibit "A".

26.    On August 12, 2016, the Village Board adopted a resolution approving the OTB Application ("OTB Resolution").

27.    A true and accurate copy of the OTB Resolution is annexed to this petition as exhibit "B".

28.    On August 12, 2016, the Village Board approved the issuance of a special permit authorizing DNIP to construct and use a video lottery gaming facility with VLTs, and OTB and other amenities as an accessory use of the hotel located on the Premises. ("OTB Special Permit").

29.    The SEQRA Resolution and the OTB Resolution (collectively, "Resolutions") were filed with the Village Clerk on August 15, 2016.

30.     DNIP intends to derive business revenue and profits by its use and operation of video lottery gaming, VLT and OTB simulcast facilities on the Premises.

## AS AND FOR A FIRST CAUSE OF PROCEEDING, PETITIONERS STATE:

31.     Petitioners repeat and reallege the allegations in paragraphs "1" through "30" of the petition with the same force and effect as if more fully alleged herein.

32.     The OID Table of Use Regulations annexed to the Zoning Code as Attachment 5 ("OID Table") states that no building or structure located within the OID can be used or occupied or other structure erected or altered except for a use enumerated in that table and that all other uses not so listed are prohibited uses of land within said district.

33.     The uses enumerated in the OID Table do not include the use of the Premises as a video lottery gaming facility or VLT terminals or an OTB simulcast facility.

34.     The uses enumerated in the OID Table do not include the use of the Premises for other amenities designed and intended to promote the business of gaming.

35.     The Zoning Code Section 177-73(B)(8) expressly prohibits the construction or use of a "game room" on property located within the OID.

36.     As part of the OTB Application, DNIP plans to construct and use at least one, if not several, "game room(s)" as an accessory use of the hotel located on the Premises.

37.     The OID Table states that accessory buildings or structures may be erected on properties located within the OID provided that all requirements of the Zoning Code are satisfied, including Section 176-76.

38.    Section 176-76(A) permits properties located within the OID to have accessory uses provided such uses: a.) are customary and clearly incidental to the principal use and b.) do not include any activity commonly conducted as a business.

39.    No property in the OID presently has, uses or operates a video lottery gaming, VLT and OTB simulcast facilities as a primary or accessory use of that property.

40.    No hotel presently exists in the OID that has, uses or operates a video lottery gaming, VLT and OTB simulcast facilities in that hotel.

41.    The construction and operation of VLTs, OTBs and simulcast facilities and theaters are not customary and incidental uses of any property located in the OID.

42.    The construction and operation of VLTs, OTBs and simulcast facilities and theaters are not customary and incidental uses of any hotel located in the OID.

43.    The OTB Application and supporting papers submitted to the Village Board included no evidence showing any property within the OID having a gaming facility of any kind either as a primary or accessory use of that property.

44.    The operation of VLTs, OTBs and simulcast facilities and theaters are activities commonly conducted as a business.

45.    DNIP plans to use the gaming facility that is the subject of the OTB Application for business purposes and to derive income and profits arising out of such business use.

46.    The Village Board made no finding in the OTB Resolution that any property in the OID has a gaming facility, either as a primary or accessory use ot that property.

47.    The Zoning Code did not grant the Village Board the legal authority to approve the OTB Application or to issue the OTB Special Permit because the application sought and concerned proposed uses of the Premises that are expressly prohibited by Zoning Code Section 177-73(B)(8).

48.    The Zoning Code did not grant the Village Board the legal authority to approve the OTB Application or to issue the OTB Special Permit because the application sought and concerned proposed uses of the Premises that are not permitted accessory uses of a hotel.

49.    Accordingly, petitioners are entitled to a judgment vacating, setting aside and nullifying the Village Board's adoption of the Resolutions and issuance of the OTB Special Permit as being unlawful, arbitrary and capricious.

**AS AND FOR A SECOND CAUSE OF PROCEEDING, PETITIONERS STATE:**

50.    Petitioners repeat and reallege the allegations in paragraphs "1" through "50" of the petition with the same force and effect as if more fully alleged herein.

51.    At all relevant times, the Village Board acted as lead agency for SEQRA purposes concerning approval of the OTB Application.

52.    On July 5, 2016, the Village Board held a public hearing regarding the OTB Application.

53.    On August 3, 2016, and after the public hearing had been closed and acting in accordance with a referral made by the Village in accordance with Article XIV of the Suffolk County Administrative Code, the Suffolk County Planning Commission ("Commission") determined the OTB Application to be a matter for local determination.

54.    A true and accurate copy of the Commission's determination is annexed to the petition as exhibit "C."

55.    The Commission's determination included the following comments, among others:

> The applicant should be encouraged to contact the Suffolk County Department of Public Works to review potential impacts to CR 67, Motor Parkway and other county roadways in the vicinity including but not limited to CR 67 and Old Nichols Road, Hoffman Lane, Blydenburgh Lane and Medford Avenue.
>
> ***
>
> The applicant should contact the NYS DOT and the Town of Islip with respect to traffic studies and access to the subject site from the State ROW. The intersections of 495 North and South Service Roads with Old Nichols Road and Blydenburgh Road. The Town of Islip roads of Hoffman Lane and Bedford Avenue should also be reviewed by the Town of Islip for traffic safety issues.

56.    Upon information and belief, the Village Board did not confer with the Suffolk County Department of Public Works to review potential impacts to CR 67, Motor Parkway and other county roadways in the vicinity including but not limited to CR 67 and Old Nichols Road, Hoffman Lane, Blydenburgh Lane and Medford Avenue.

57.    Upon information and belief, the Village Board did not confer with the NYS Department of Transportation prior to its adoption of the Resolutions concerning traffic studies and access to the subject site from the State ROW and the intersections of 495 North and South Service Roads with Old Nichols Road and Blydenburgh Road.

58.     Upon information and belief, the Village Board did not confer with the Town of Islip prior to its adoption of the Resolutions concerning traffic studies and access to the subject site from the State ROW and the intersections of 495 North and South Service Roads with Old Nichols Road and Blydenburgh Road.

59.     By reason of the forgoing, the Village Board failed to satisfy its obligations under SEQRA to take a "hard look" with respect to the environmental impacts prior to its adoption of the Resolutions and issuance of the OTB Special Permit.

60.     Accordingly, petitioners are entitled to a judgment vacating and setting aside the Resolutions and the OTB Special Permit as unlawful, arbitrary and capricious actions taken by the Village and the Village Board.

### AS AND FOR A THIRD CAUSE OF PROCEEDING, PETITIONERS STATE:

61.     Petitioners repeat and reallege the allegations in paragraphs "1" through "60" of the petition with the same force and effect as if more fully alleged herein.

62.     A person appointed to the office of Deputy Mayor is recognized by the Village to be a Village Official.

63.     A person appointed to the office of Fire Marshal is recognized by the Village to be a Village Official.

64.     A person appointed to the office of Code Enforcement Officer is recognized by the Village to be a Village Official.

65.     A person appointed to the office of Chief of Public Safety is recognized by the Village to be a Village Official.

66. Trustees of the Village exercise supervisory and oversight powers and have responsibilities in setting the salaries and terms and conditions of employment of all persons appointed as a Village official, including those persons appointed Deputy Mayor, Fire Marshal, Code enforcement Officer and Chief of Public Safety.

67. Prior to 2013, Zaleski was a Fire Marshal of the Village.

68. Prior to 2013, Zaleski was a Code Enforcement Officer of the Village.

69. Prior to 2013, Zaleski was Chief of Public Safety of the Village.

70. Zaleski was elected a trustee of the Village at the Village's general election held in March 2013.

71. In April 2013, the Village conducted its annual organizational meeting ("AOM").

72. Zaleski was appointed or re-appointed Fire Marshal during the AOM held in April 2013 or at some other time during that year.

73. Zaleski was appointed or re-appointed Code Enforcement Officer during the AOM held in April 2013 or at some other time during that year.

74. Zaleski was appointed or re-appointed Chief of Public Safety during the AOM held in April 2013 or at some other time during that year.

75. Zaleski was appointed or re-appointed Fire Marshal during the AOM held in April 2014 or at some other time during that year.

76. Zaleski was appointed or re-appointed Village Code Enforcement Officer during the AOM held in April 2014 or at some other time during that year.

11

77.     Zaleski was appointed or re-appointed Village Chief of Public Safety during the AOM held in April 2014 or at some other time during that year.

78.     Zaleski was appointed or re-appointed Village Fire Marshal during the AOM held in April 2015 or at some other time during that year.

79.     Zaleski was appointed or re-appointed Village Code Enforcement Officer during the AOM held in April 2015 or at some other time during that year.

80.     Zaleski was appointed or re-appointed Village Chief of Public Safety during the AOM held in April 2015 or at some other time during that year.

81.     Zaleski was appointed or re-appointed Village Fire Marshal during the AOM held in April 2016 or at some other time during that year and prior to August 12, 2016.

82.     Zaleski was appointed or re-appointed Village Code Enforcement Officer during the AOM held in April 2016 or at some other time during that year and prior to August 12, 2016.

83.     Zaleski was appointed or re-appointed Village Chief of Public Safety during the AOM held in April 2016 or at some other time during that year and prior to August 12, 2016.

84.     Village Mayor Allan M. Dorman ("Dorman") appointed Zaleski Deputy Mayor of the Village on August 2, 2016.

85.     Zaleski's appointment as Deputy Mayor was not made during an AOM.

86.     Zaleski became a Village Official as of the date and by virtue of his being appointed to all or any of the aforesaid Village posts.

87.   The Resolutions were placed before the Village Board for consideration and approval pursuant to a motion made by Dorman and seconded by Zaleski.

88.   Village Law § 3-300(3) states that "[n]o person shall simultaneously hold an elective and an appointive village office except that: not more than two members of the board of trustees may be members of each board and commission; members of the board of trustees may be single commissioners in charge of village departments except as provided in the zoning article in this chapter."

89.   The office of trustee is incompatible with the appointive Village offices of Code Enforcement Officer, Fire Marshal and Chief of Public Safety.

90.   Zaleski holding the office of trustee is incompatible with his office(s) as Code Enforcement Officer, Fire Marshal and Chief of Public Safety.

91.   Village Law § 3-300(3) prohibited Zaleski from simultaneously holding the office of trustee and the appointive Village Office of Code Enforcement Officer, Fire Marshal and/or Chief of Public Safety.

92.   Zaleski is in violation of Village Law § 3-300(3) by his purporting to simultaneously hold the office of trustee and the appointive Village Office of Code Enforcement Officer, Fire Marshal and/or Chief of Public Safety.

93.   Zaleski automatically ceased being a trustee upon his appointment and acceptance of the positions as Code Enforcement Officer, Fire Marshal, Chief of Public Safety and/or Deputy Mayor.

94.   All actions taken by Zaleski as a trustee after the earliest date he was appointed Code Enforcement Officer, Fire Marshal, Chief of Public Safety and/or Deputy Mayor,

including, but not limited to, his sponsorship or seconding of motions to adopt or to vote upon resolutions were unlawful and lacked any force or effect.

95.    Zaleski was not a trustee of the Village on August 12, 2016 by virtue of having vacated that office by his acceptance of the appointive positions of Code Enforcement Officer, Fire Marshal, Chief of Public Safety and/or Deputy Mayor.

96.    The Resolutions were not duly seconded by any trustee qualified and eligible to be, sit, serve and vote as a trustee.

97.    The Village Board did not lawfully adopt the Resolutions.

98.    Accordingly, petitioners are entitled to a judgment vacating and setting aside the Resolutions because the motions to adopt them were not duly placed on the table of the Village Board for a vote for want of a second to the motions and a judgment declaring that Zaleski's holding the office of trustee automatically became vacant and unoccupied as of the earliest date he was appointed as and accepted the position of Fire Marshal, Code Enforcement Officer, Chief of Public Safety and/or Deputy Mayor and that all subsequent actions taken by him as trustee were and are unlawful, null and void.

## AS AND FOR A FOURTH CAUSE OF PROCEEDING, PETITIONERS STATE:

99.    Petitioners repeat and reallege the allegations in paragraphs "1" through "99" of the petition with the same force and effect as if more fully alleged herein.

100.    The Village Board acts by the adoption of resolutions and local laws that are either in writing or verbally stated in their entirety at the time of adoption.

101.    Such written or verbally stated resolutions or local laws must be available or disclosed to the public in accordance with the Open Meetings Law.

102.    The Resolutions were not in writing at the time they were adopted by the Village Board.

103.    The Resolutions were not verbally stated in their entreaties at the time they were adopted by the Village Board.

104.    The entire texts of the Resolutions were not made available to the public at the time of adoption.

105.    The entire texts of the Resolutions were not made disclosed to the public at the time of adoption.

106.    Accordingly, petitioners are entitled to a judgment declaring unlawful, vacating and nullifying the Resolutions because they were not duly enacted and do not represent lawfully taken actions by the Village Board and have no force or effect.

WHEREFORE, the petitioners request a judgment pursuant to Article 78 of the Civil Practice Law and Rules, as follows:

A.    With respect to the First Cause of Proceeding, vacating, setting aside and nullifying the Village Board's adoption of the Resolutions and issuance of the OTB Special Permit as unlawful, arbitrary and capricious;

B.    With respect to the Second Cause of Proceeding, vacating, setting aside and nullifying the Resolutions and the OTB Special Permit because they were not adopted and approved in accordance with SEQRA;

C.    With respect to the Third Cause of Proceeding, vacating, setting
aside and nullifying the Resolutions because the motions to adopt
them were not duly placed on the table of the Village Board for a
vote for want of a second to the motions and a declaration that
Zaleski's holding the office of trustee automatically became vacant
and unoccupied as of the earliest date he was appointed as and
accepted the position of Fire Marshal, Code Enforcement Officer,
Chief of Public Safety and/or Deputy Mayor and that all
subsequent actions taken by him as trustee were and are unlawful,
null and void;

D.    With respect to the Fourth Cause of Proceeding, vacating and
setting aside the Resolutions and the OTB Special Permit because
they were not duly and lawfully placed before the Village Board
for approval or disclosed or made available to the general public,
including the petitioners, prior to their approval and adoption; and

E.    With respect to all Causes of Proceeding, costs and disbursements.

Dated: Melville, New York
September 13, 2016

By:

Anton J. Borovina

425 Broad Hollow Road, Ste. 203
Melville, New York  11747
(631) 630-1101

16

-and-

Paul Sabatino II
1617 New York Ave.
Huntington Station, New York 11746

*Attorneys for Petitioners*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X

JENNIFER TOMOSINO, NEIL MUNRO, APRYL
MEYER, FRAN PEKOR, THE HAMLET AT
WINDWATCH GOLF & COUNTRY CLUB HOME
OWNERS, INC., THE RONKONKOMA CIVIC
ASSOCIATION, THE CONCERNED CITIZENS OF
SUFFOLK COUNTY, INC. ,

                              Petitioners,

        -against-

THE BOARD OF TRUSTEES OF THE INCORPORATED
VILLAGE OF ISLANDIA, THE INCORPORATED
VILLAGE OF ISLANDIA, MICHAEL ZALESKI and
DELAWARE NORTH ISLANDIA PROPERTIES, LLC,

                              Respondents.
------------------------------------------------------------------------X

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF SUFFOLK    )

        Neil Munro, being sworn, deposes and says:

        I am a co-petitioner in the within proceeding; I have read the foregoing petition

and know the contents thereof; the same is true to my own knowledge, except as to the matters

therein stated to be alleged on information and belief, and as to those matters I believe them to

be true.

                                        _Neil Munro_____
                                        Neil Munro

Sworn to before me this
13th day of September, 2016

_Notary Public_

        ANTON J. BOROVINA
    NOTARY PUBLIC, State of New York
            No. 52-4657521
        Qualified in Nassau County
    Commission Expires February 28, 2018