UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

SUFFOLK REGIONAL OFF-TRACK
BETTING CORPORATION,

                    Adjusted Debtor.

CHAPTER 9
CASE NO. 12-43503-CEC

JENNIFER TOMASINO, KEVIN MONTANO,
RICHARD MEYER, APRYL MEYER,

                    Plaintiffs,

      - against -

INCORPORATED VILLAGE OF ISLANDIA,
BOARD OF TRUSTEES OF THE INCORPORATED
VILLAGE OF ISLANDIA, GERALD PETERS, in his
capacity as Incorporated Village of Islandia Building
Inspector and DELAWARE NORTH ISLANDIA
PROPERTIES, LLC, a/k/a DELAWARE NORTH,
NORTH and SUFFOLK REGIONAL OFF-TRACK
BETTING CORPORATION,

                    Defendants.

Adv. Proc. No. 1-18-01033-CEC

## DEFENDANT DELAWARE NORTH ISLANDIA PROPERTIES LLC'S RESPONSES TO PLAINTIFFS' OBJECTIONS TO THE BANKRUPTCY COURT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**HODGSON RUSS LLP**
*Attorneys for Defendant Delaware North
Islandia Properties, LLC*
Charles W. Malcomb, Esq.
Daniel A. Spitzer, Esq.
Carmine J. Castellano, Esq.
Richard L. Weisz, Esq.
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000
*cmalcomb@hodgsonruss.com*
*dspitzer@hodgsonruss.com*
*ccastell@hodgsonruss.com*
*rweisz@hodgsonruss.com*

**FARRELL FRITZ, P.C.**
*Attorneys for Defendant Delaware North
Islandia Properties, LLC*
Anthony S. Guardino, Esq.
John C. Stellakis, Esq.
100 Motor Parkway, Suite 138
Hauppauge, New York 11788
(631) 547-8400
*aguardino@farrellfritz.com*
*jstellakis@farrellfritz.com*

## INTRODUCTION

Pursuant to Fed. R. Bankr. P. 9033(b), Delaware North Islandia Properties, LLC a/k/a Delaware North ("Delaware North") submits these responses to *Plaintiffs' Objections to Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law as Amplified by the Memorandum of Law in Support Thereof* ("Plaintiffs' Objections") (Dckt. No. 104) to the *Proposed Findings of Fact and Conclusions of Law* entered on December 18, 2018 (the "Proposed Findings") (Dckt. No. 100) hereby states the following:

## PRELIMINARY STATEMENT

Presented with the Bankruptcy Court's Proposed Findings granting summary judgement on the remaining causes of action and thereby upholding the Village of Islandia's Local Law No. 3 of 2017 (herein the "Local Law"), Plaintiffs were entitled to file and serve "written objections which identify ***the specific*** proposed findings or conclusions objected to and ***state grounds for such objections***." Fed. R. Bankr. P. 9033(b) (emphasis added). Instead of submitting specific objections to the Proposed Findings, Plaintiffs have merely recycled all of their arguments on summary judgment, which is improper. Plaintiffs' objections fail to identify any error of law in the Proposed Findings or any disputed fact that prevents judgment as a matter of law.

As the Bankruptcy Court properly determined: (1) Plaintiffs have raised no genuine issue of fact; (2) the contract zoning claim fails because agreements between the Village and Delaware North did not bind "the Board in advance to amend the zoning law to authorize gaming as a permitted use in the District, or otherwise to approve a permit for the VLT Facility" (Dckt. No. 100, Proposed Findings at 12); (3) the claim for spot zoning fails because the Local Law was enacted in accordance with the Village's comprehensive planning efforts; and (4) the

- 1 -

uniformity claim cannot be raised for the first time in a response to a summary judgment motion. It is respectfully submitted that the Bankruptcy Court's Proposed Findings should be adopted by the District Court in their entirety.

## STATEMENT OF FACTS

As the Bankruptcy Court stated in the Proposed Findings, the facts relied upon were undisputed or matters on which judicial notice may be taken. Accordingly, the District Court is respectfully referred to the Background Section of the Proposed Findings for the relevant facts in this matter.

## RESPONSES TO PLAINTIFFS' OBJECTIONS

### *Objection No. 1 – Findings of Fact Being Made Based on Judicial Notice of Facts*

Plaintiffs object to the Bankruptcy Court basing its Proposed Findings in part on judicially noticed facts, but in violation of the specificity requirement of Fed. R. Bankr. P. 9033(d) and 28 U.S.C. § 157(c)(1), they do not identify any specific fact (nor does their Memorandum of Law), and admit not a single fact in the Proposed Findings was actually relied upon based on judicial notice. As a judicially noticed fact by definition is one not in dispute, Fed. R. Evid. 201, Plaintiffs are in error in objecting to the use of such facts.

It appears the only such fact potentially at issue was the existence of the Hampton Inn in the Village, which Judge Craig noted she could take judicial notice of, and Plaintiffs' counsel (who raised the issue in the first place) concurred. Transcript of Summary Judgment Hearing (herein "Tr.") at 37, Dckt. No. 96. The matter was mooted when Defendants stipulated

to the existence of the Hampton Inn (Tr. at 150, Dckt. No. 96[1]) and no further time should be spent on this Objection.

> ### *Objection No. 2 and 3 – Contract Zoning – No Contract in Advance of the Local Law Requiring the Adoption of the Local Law*
>
> ### *Objection No. 4 – Contract Zoning – Agreement Could Not Be a Mitigation Agreement*
>
> ### *Objection No. 5 – Contract Zoning – Amended TRA Bargained Away Village's Powers and Tied its Hands, and Was Not a Mitigation Agreement*

Objections 2 and 3 ignore Plaintiffs' own admissions that (1) neither the TRA nor the Amended TRA contain any provision binding the Village to adopt the Local Law; (2) that the TRA was entered into before the Local Law was even contemplated; and (3) that the Amended TRA was entered into months ***after*** the Local Law was adopted.  In a desperate attempt to salvage their claims, Plaintiffs glom onto a baseless theory that requires the plain language of the TRA and Amended TRA be ignored in favor of some kind of alleged secret agreement that bound the Village to legislate in a certain manner.  The Bankruptcy Court properly rejected these arguments because it is a bedrock principle of New York law that a municipal entity — like the Village — may only enter into an agreement by a majority vote of its governing body. Individual officials have zero authority to bind the Village to any sort of agreement in secret. The Bankruptcy Court evaluated the plain language of the only two agreements in existence — the TRA and the Amended TRA — between the Village and Delaware North, which, as Plaintiffs concede, in no manner bound the Village to take any action.  As the Bankruptcy Court correctly recognized, these agreements were typical mitigation agreements common to large

---

[1]     The Unidentified Speaker in the Transcript at 150 is counsel for Delaware North.

projects, did not bind the Village to any legislative action, and are perfectly appropriate under controlling New York law.  Objections 2, 3, 4, and 5 should be rejected.

The parties are agreed on the definition of contract zoning, which is "an agreement whereby a legislature binds itself, *in advance*, to exercise its zoning authority in the future for the benefit of a landowner upon the landowner's provision of a consideration." *Tuxedo Land Trust, Inc. v. Town of Tuxedo*, 34 Misc.3d 1235(A), at *13 (Sup. Ct. Orange County 2012) (emphasis added).  The prohibition derives from the rule that "a legislature cannot bargain away or sell its powers," *Church v. Town of Islip*, 8 N.Y.2d 254, 259 (1960), or "make contracts that control or limit it in the exercise of its legislative powers and duties," *Collard  v. Inc. Vill. of Flower Hill*, 52 N.Y.2d 594, 601 (1981).

Plaintiffs here fail in their claim because they must show four elements are present to prevail on a contract zoning claim, and they can show only the first one:  (1) that an agreement exists between the legislative body and a landowner; (2) that the agreement was entered into in advance of the zoning decision; (3) that the agreement contains a specific provision wherein the legislative body binds itself to exercise its zoning authority in the future for the benefit of the landowner; and (4) that the legislative body's covenant to exercise its zoning authority in a certain manner is made in exchange for consideration.  *Tuxedo Land Trust, Inc.*, 34 Misc.3d 1235(A), at *13.  Here, there are two contracts between the Village and Delaware North, the TRA, originally submitted as part of Delaware North's Special Use Permit long before the Local Law was ever proposed, and the Amended TRA, signed well after the Local Law was adopted.  There are no other agreements.

The Bankruptcy Court correctly relies on *DePaolo v. Town of Ithaca*, 258 A.D.2d 68 (3d Dep't 1999), where the Third Department ruled that agreements with applicants

- 4 -

concerning proposed projects are not contract zoning **_unless_** the agreement contains a specific

provision binding the legislative body to a certain course of action.

> We likewise reject petitioners' assertion that the Town Board
> engaged in illegal "contract zoning" by amending its zoning
> ordinance to accommodate the [project] in exchange for Cornell's
> granting the Town a 99-year license to use certain property as a
> public park, thereby allowing continued public access to Cayuga
> Lake. Here again, the record fails to support petitioners' claim,
> and in fact refutes it. **_Nothing in its agreement with Cornell
> committed the Town to a specific course of action with respect to
> the zoning amendment_** and, indeed, the Town expressly rejected
> language which could have arguably been so interpreted. While
> Cornell's grant of the license to the Town was conditioned upon its
> receipt of all approvals required for the project, including rezoning,
> **_no provision in the agreement obligated the Town to issue such
> approvals or approve Cornell's rezoning application_**.

*Id.* at 71 (emphasis added). And that is where Plaintiffs completely fail. None of the remaining

elements required to prove contract zoning are present, as nowhere in the TRA or the Amended

TRA did the Village bind itself with respect to the exercise of its legislative power, as Plaintiffs

concede.[2] There is not a single clause in either agreement requiring the Village Board to take a

specific action in favor of the VLT Facility, be it a permit or a local law, either of which is

appropriate form of creating allowable uses. The language of the only two agreements is

certainly not in dispute, and although Plaintiffs proclaim the existence of disputed facts, they do

not identify any unsettled matters in the record.

What Plaintiffs are really doing is re-arguing that a conditional rezoning backed

by an enforceable contract is per se illegal contract zoning, an admission Judge Craig extracted

---

[2]    *See, e.g.*, Response No. 34 in Plaintiffs' Counter Statement of Material Facts (Dckt No.
76) admitting "There is no provision in the TRA requiring the Board to take any
legislative action."

from Plaintiffs' counsel during oral argument.[3]  But conditional zoning has long been legal in New York, including conditions backed by contracts, *see Collard*, 52 N.Y.2d at 601. Nevertheless, Plaintiffs latch on to two cases they claim confirm contract zoning has occurred, but as the Bankruptcy Court points out, neither applies to the undisputed facts.

Plaintiffs first embrace *Citizens to Save Minnewaska v. New Paltz Cent. Sch. Dist.*, 95 A.D.2d 532, 534 (3d Dep't 1983), *appeal dismissed*, 61 N.Y.2d 853 (1984), where a school board entered into an agreement under which it was required to pass a resolution supporting a tax exemption.  The clause of the contract binding the district to a legislative act in the future was fatal to the resolution.  There is simply no clause in either agreement requiring the Village to take any act.

*Levine v. Town of Oyster Bay*, 46 Misc.2d 106 (Sup. Ct. Nassau Cnty. 1964) is also misrepresented by Plaintiffs, as here, the zoning created by the Local Law went into effect upon passage of the Local Law, but in *Levine*, the zoning would not go into effect until a future event occurred.  This difference Judge Craig recognized is fatal to Plaintiffs' claim, because conditions as part of a rezoning are common and legal, *see Church,* 8 N.Y.2d at 259, but the conditional zoning of *Levine*, where the zoning only takes effect if a future event in the agreement occurs is not.  And in affirming, the Second Department addressed not only contract zoning but the spot zoning claim, offering nothing relevant to Plaintiffs' claim.  *Levine v. Town of Oyster Bay*, 26 A.D.2d 583 (2d Dep't 1966).

---

[3]     *See* November 28, 2018 Transcript, Dckt. No. 104 at 137:4-138:6, attached as Ex. A to Suffolk County OTB's Corrected Response to Plaintiffs' Objections, Dckt. No. 106.

Plaintiffs' efforts to distinguish the precedents cited by the Bankruptcy Court are unavailing.  Plaintiffs incorrectly assert that *Tyre ex rel. Dawley v. Town Bd. of Town of Tyre*, 51 Misc. 3d 665 (Sup. Ct. Seneca Cnty. 2016), *aff'd*, 140 A.D.3d 171 (4th Dep't 2016) is cited "for the proposition that the Local Law is immune from the application of the State's rule against zoning by contract enactments."  Judge Craig was pointing out that the community mitigation agreement at issue in *Tyre*, which included payments to local agencies, was required by a specific state statute, demonstrating the Legislature recognized host community mitigation agreements as a valid zoning tool.

Similarly misplaced is the criticism of *Residents for Reasonable Development v City of New York*, 128 A.D.3d 609 (1st Dep't 2015) for the proposition that "[i]t is not impermissible for a board to issue a zoning determination if unrelated local benefits are provided," (Dckt. No. 100, Proposed Findings at 13), because that case involved incentive zoning and the Local Law does not (Plaintiffs' Objections MOL at 26).  Again, the Bankruptcy Court was pointing out that the state-mandated framework for zoning — and it is that framework which Plaintiffs allege was not followed — recognized such payments as appropriate zoning tools as conditions a community can apply.

The TRA and Amended TRA are no more than a convenient highway for the Plaintiffs to argue the wisdom of allowing the VLT Facility under the guise of alleged illegal action.  As they have pointed to nothing in the arrangements committing the Village to any action outside of the use of standard zoning tools to protect and benefit the community, Objections, 2, 3, 4, and 5 should be rejected.

**_Objection No. 6 – Spot Zoning – Based on Insufficiency of the Process in Adopting the Local Law_**

**_Objection No. 7 – Spot Zoning – -Sufficiency of the Process the Village Board used to Adopt the Local Law was not Beyond Judicial Review as to all Matters Relating to that Process Because the Amended Complaint did not Allege a SEQRA Based Claim._**

Objection No. 6 decries the process by which the Local Law was adopted, asserting "the existence or disputed issues of fact regarding the sufficiency of the process the Village Board used to adopt the Local Law in accordance with State Law prescribing the process by which zoning enactments may he considered and adopted." Plaintiffs Objection No. 6. But Plaintiffs do not identify any procedural flaw, instead asserting that an insufficient length of time had passed and too few experts were consulted, primarily demanding — without any legal support — that the Board erred in considering the voluminous information gathered in the two-year review that started with the Special Use permit application for the VLT Facility. It must be noted that this argument is a red herring. All New York requires to pass a local zoning law is to properly introduce it, refer it (in some cases) to the county planning agency for a recommendation, evaluate its potential impacts under the State Environmental Quality Review Act ("SEQRA"), and hold a public hearing before voting. _See_ N.Y. Village Law Article 7. That's it. Plaintiffs assert no procedural failure and the substantive claim has no basis in law. Objection No. 6 should be rejected.

Plaintiffs' central assertion is that the experts relied upon by the Village during the Local Law review were insufficient to support the passage of the Local Law, an argument that is fatally flawed for at least three reasons. First, Plaintiffs fail to state a single reason why the review they acknowledge was insufficient, or any precedent establishing a minimum investigatory requirement. In fact, how a municipal board goes about investigating the key issues — including which issues to investigate — is left to the discretion of that board. _Save the_

*Pine Bush, Inc. v. Common Council of City of Albany*, 13 N.Y.3d 297, 308 (2009) ("A 'rule of reason' is applicable not only to an agency's judgments about the environmental concerns it investigates, but to its decisions about which matters require investigation") (internal citations omitted). The review the Plaintiffs concede occurred more than satisfies state law.

Second, as the Bankruptcy Court pointed out, the Village had every right to rely on the review conducted over a two-year period, which explored the exact same use, with only the form of approval — special use permit vs. zoning change. No changes occurred in the actual use, and in considering the Local Law, it was quite proper that the "Board relied on the material already in its file." *Riverkeeper, Inc. v. Planning Bd. of Town of Southeast.*, 9 N.Y.3d 219, 233 (2007) (upholding a determination that a supplemental environmental impact statement was not required).

Finally, the Plaintiffs ignore the extended evaluation that actually did occur, as outlined in the Declarations of the Mayor (who was quite familiar with the comprehensive planning in the Village to the contrary of Plaintiffs' assertions) and its Deputy Mayor. Dckt. Nos. 62-11 and 62-21. In addition to considering the Master Plan and their knowledge of the property and the community, this included a specific determination by the Board as part of the (unchallenged) SEQRA review that the Local Law was consistent with the comprehensive planning of the community, as was noted by the Bankruptcy Court. Dckt. No. 100, Proposed Findings at 21. The Village Board did its job and Objection No. 6 should be rejected.

Further, Plaintiffs never challenged the sufficiency of the SEQRA review for the Local Law and cannot raise those claims now. The Village completed SEQRA by analyzing the impacts of the Local Law, which were, of course, focused on the impacts from the only licensed VLT Facility in the Village. The Bankruptcy Court properly found that it was completely

appropriate for the Village to rely upon the years of study of potential impacts from the VLT Facility when it made its decision.  Plaintiffs' effort to assert a SEQRA claim for the first time by rolling it into their spot zoning claim must be rejected.  Even though other factors may be considered, the "ultimate test" in evaluating a spot zoning claim "is whether the change is other than part of a well-considered and comprehensive plan calculated to serve the general welfare of the community."  *Rayle v. Town of Cato Board*, 295 A.D.2d 978, 979 (4th Dep't 2002) (internal quotation, citation omitted); *Rogers v. Village of Tarrytown*, 302 N.Y. 115, 124 (1951) (holding that the inquiry ultimately distills to "whether the change is other than part of a well-considered and comprehensive plan calculated to serve the general welfare of the community").  Plaintiffs bear the burden of proving a "clear conflict" with the Comprehensive Plan.  *Meteor Enters., LLC v. Bylewski*, 38 A.D.3d 1356, 1358 (4th Dep't 2007) ("Thus, where the [challenging party] fails to establish a clear conflict with the comprehensive plan, the zoning classification must be upheld."); *Infinity Consulting Grp., Inc. v. Town of Huntington*, 49 A.D.3d 813, 814 (2d Dep't 2008) (same).  Plaintiffs failed to do so because the clear wording of the Comprehensive Plan, together with the Village's zoning regulations for the Office/Industrial ("OI") Zoning District, demonstrate that this area of the Village was reserved for more intense uses.  Dckt. No. 100, Proposed Findings at 25.  Because the Bankruptcy Court properly found that Plaintiffs' SEQRA claims had been abandoned and that, as a matter of law, Plaintiffs failed to demonstrate a "clear conflict" with the Comprehensive Plan, Objections 6 and 7 should be rejected.

### *Objection No. 8 – Spot Zoning – Village was Required to Consider Other Locations to Operate a Gaming Facility in the Village*

Objection No. 8 is not a model of clarity.  If Plaintiffs are contending that the Local Law is spot zoning because only one parcel will have a VLT Facility after adoption of the Local Law, this reasoning was soundly rejected by the Court of Appeals, which held that when

"an ordinance is enacted in accordance with a comprehensive zoning plan, it is not 'spot zoning,' even though it (1) singles out and affects but one small plot, or (2) creates in the center of a large zone small areas or districts devoted to a different use." *Rodgers*, 302 N.Y. at 124 (internal citations omitted).  Plaintiffs' contention that the Village was required to consider other locations/properties in the Village where a VLT facility could be located was properly rejected by the Bankruptcy Court.  As a first matter, no other VLT facility has been proposed; thus, it would make absolutely no sense to evaluate the specific impacts of other locations or their suitability for a gaming facility.  Second, evaluating where in the community certain uses should be located is a policy decision left to the local legislative body.  Even if the reviewing court would have made a different choice, the legislative enactment must nonetheless be upheld because "[t]he court will not pass on its wisdom." *Asian Americans for Equality*, 72 N.Y.2d at 132.  A reviewing court may not substitute its decision for that of the legislative body.  *See Rogers*, 302 N.Y. at 121; *McDonough v. Apton*, 48 A.D.2d 195, 199 (4th Dep't 1975) (if the validity of a local legislative act is "fairly debatable," the judgment of the legislature which enacted it must stand).  Plaintiffs' efforts to argue that other locations may be more suitable are insufficient as a matter of law and they were properly rejected by the Bankruptcy Court

### *Objection No. 9 – Spot Zoning – Local Law was Invalid for Lack of Uniformity*

In their response to the summary judgement motions, Plaintiffs raised for the first time the assertion that the OI Zoning District regulations created by the Local Law lack uniformity "for each class or kind of buildings throughout each district" as required by N.Y. Village Law § 7-702.  The Bankruptcy Court correctly recommended that the claim be dismissed as a claim cannot be raised for the first time "in the Plaintiffs' opposition to the motions for summary judgment." *Lyman v. CSX Transp., Inc.*, 364 F. App'x 699, 701 (2d Cir. 2010) (stating

that claims raised for the first time in opposition to summary judgment "need not be considered")." Dckt. No. 100, Proposed Findings at 26.

In their Objection No. 9 and related portion of their Memorandum of Law, Plaintiffs do not deny that a lack of uniformity claim was absent from the Amended Complaint; rather, they attempt its resurrection by proclaiming there was fair notice of the uniformity claim by reference to the uniqueness of the use within the OI District.[4] But neither the Court nor the Defendants are required to be mind-readers to know a claim has been presented. But even if the uniformity claim is addressed, it clearly fails on the undisputed facts because the Local Law satisfied the requirements of N.Y. Village Law § 7-702.

Plaintiffs rely solely upon *Augenblick v. Town of Cortlandt,* 104 A.D.2d 806, 814 (3d Dep't 1984), *rev'd sub nom. Matter of Augenblick,* 66 N.Y.2d 775 (1985), where the Court of Appeals adopted Justice Lazer's dissent in voiding a zoning ordinance that singled out a specific parcel by section, block, and lot. The Local Law here does no such thing; it applies to all structures in the OI Zoning District. Still, Plaintiffs assert its invalidity because there is another hotel in the OI Zoning District that does not meet the definition in the Local Law.[5] But the definition at issue is of a Hotel/Gaming Facility,[6] not a mere hotel, and as Judge Craig notes "no other hotel was seeking to operate a VLT Facility." Dckt. No. 100, Proposed Findings at 24-25.

---

[4]     Plaintiffs' MOL at 54.

[5]     Plaintiffs' MOL at 55.

[6]     Local Law No. 3-2017 § 2.1.2, Dorman Decl. Ex. F, Dckt. No. 62-19.

In fact, even if there were a uniformity issue, the *Augunblick* dissent supports the Local Law because, as it notes, an ordinance is only "held to uniformity if the record does not disclose any reasonable basis for different treatment among similar parcels within a district," but when "specialized circumstances exist for certain property within a district the uniformity rule may be bent (6 Rohan, Zoning and Land Use Controls, § 40.10 [1]; 1 Williams, American Land Planning Law, § 31.01)." *Augenblick*, 104 A.D.2d at 814 (J. Lazer dissenting). Here, there is but one state-granted VLT license in the District, precisely the type of unique and "specialized circumstances" acknowledged by Judge Lazer as permitting the provisions of the Local Law. The uniformity claim fails even if it were properly before the Court, as does Objection No. 9.

### Objection No. 10 – Spot Zoning – Village Board Retention of the Right to Amend the Village Code to Prevent Proliferation of the Unwanted Gaming Use

The final objection presents a blatant misrepresentation of New York law, arguing that Judge Craig erred in holding the Village Board could not change the law in a manner that would limit or eliminate the gaming use in the future. In fact, it is a cardinal rule of New York law that zoning can be changed and uses, even if legal when created, can be amortized out of existence. Such procedures have been used to eliminate adult uses and unsightly billboards and have been continuously upheld by the courts. Objection No. 10 should be rejected.

The basic thrust of the Objection is that by adopting the Local Law creating hotel/gaming as an as-of-right use, the Village bargained away its ability to change the law, even if the Amended TRA was breached: "Unlike the prerogatives the Village Board had when the TRA was in place to terminate the Gaming Use if the terms of the TRA were breached by Delaware North or a successor owner of the Premises, the Village Board forfeited that right by

- 13 -

adopting the Local Law allowing a Gaming use as of right if the conditions enumerated in that Local Law are met."[7]

But, as the Bankruptcy Court pointed out "zoning is by no means static.  Changed or changing conditions call for changed plans, and persons who own property in a particular zone or use district enjoy no eternally vested right to that classification if the public interest demands otherwise," *Rodgers v. Vill. of Tarrytown*, 302 N.Y. 115, 121 (1951).  A correlated principle of New York municipal law, known as the term limits rule, "prohibits one municipal body from contractually binding its successors in areas relating to governance unless specifically authorized by statute or charter provisions to do so." *Karedes v. Colella*, 100 N.Y.2d 45, 50 (2003); *see Morin v. Foster*, 45 N.Y.2d 287, 293 (1978).  Zoning is an area of governance delegated by the Legislature to the Village Board, N.Y. Village Law Article 7, and no contract can preclude future zoning changes.

Zoning amendments have been repeatedly used to eliminate unwanted uses. A use of property that is no longer authorized due to rezoning, but lawfully existed prior to the enactment of the existing zoning ordinance, is a nonconforming use." *Toys R Us v. Silva*, 89 N.Y.2d 411, 417 (1996).  Municipalities can allow nonconforming uses to continue, or, contrary to Plaintiffs' claim, they can be eliminated, as long as the property owner is given a reasonable opportunity to recover their investment.  Thus, the New York Court of Appeals has stated "our approach to the problem of permissible restrictions on nonconforming uses has recognized that,

---

[7]    Plaintiffs' MOL at  27.  *See also* Plaintiffs' MOL at 28 ("the Village Board forfeited that right by adopting the Local Law allowing a Gaming use as of right if the conditions enumerated in that Local law are met.").

while the benefit accruing to the public in terms of more complete and effective zoning does not justify the immediate destruction of substantial businesses or structures developed or built prior to the ordinance, the policy of zoning embraces the concept of the ultimate elimination of nonconforming uses, and thus the courts favor reasonable restriction of them." *Harbison v. City of Buffalo*, 4 N.Y.2d 553, 559–60 (1958) (internal citations omitted).  "There is no question that municipalities may enact laws reasonably limiting the duration of nonconforming uses." *Vill. of Valatie v. Smith*, 83 N.Y.2d 396, 399 (1994).  Judge Craig correctly rejected Plaintiffs' assertion that the Village could not restrict or even eliminate the hotel gaming use without creating an unconstitutional taking.

Not surprisingly, the Plaintiffs offer this Court no precedent for their sweeping assertion that the Village Board has tied its hands as to future expansion or continued by virtue of the adoption of the Local Law or entering into the TRAs.  Objection No. 10 should be rejected.

## <u>CONCLUSION</u>

It is important to recognize that the Local Law was initially passed in response to yet another lawsuit filed by Plaintiffs.  With the Village having passed this Law, the Plaintiffs filed the instant lawsuit — their third — seeking to substitute/subvert the actions of the Islandia elected officials with repeated litigation.  It is time for these tactics to stop.  Judge Craig's recommendations should be accepted and the Plaintiffs' Objections rejected because (1) they cannot point to a single fact legitimately in dispute, only conclusions they do not agree with; (2) because the Village's thorough, two-year public review created a record of the benefits and impacts of allowing gaming facilities supporting the consistency of the Hotel/Gaming use with its comprehensive planning; and (3) the Village did not improperly transfer its legislative power.

- 15 -

Delaware North respectfully asserts that it is entitled to judgment as a matter of law, pursuant to

Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, dismissing Plaintiffs' first, second and fourth

causes of action as a matter of law.

Dated: January 21, 2019
        Buffalo, New York

                                    **HODGSON RUSS LLP**
                                    *Attorneys for Defendant Delaware North Islandia*
                                    *Properties, LLC*

                                    By:_____s/ Charles W. Malcomb_____
                                            Charles W. Malcomb
                                            Daniel A. Spitzer
                                            Carmine J. Castellano
                                            Richard L. Weisz
                                    140 Pearl Street, Suite 100
                                    Buffalo, New York 14202
                                    (716) 856-4000
                                    *cmalcomb@hodgsonruss.com*
                                    *dspitzer@hodgsonruss.com*
                                    *ccastell@hodgsonruss.com*
                                    *rweisz@hodgsonruss.com*

                                            and

                                    **FARRELL FRITZ, P.C.**
                                    *Attorneys for Defendant Delaware North Islandia*
                                    *Properties, LLC*
                                    Anthony S. Guardino
                                    John C. Stellakis
                                    100 Motor Parkway, Suite 138
                                    Hauppauge, New York 11788
                                    (631) 367-0716
                                    *aguardino@farrellfritz.com*
                                    *jstellakis@farrellfritz.com*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

SUFFOLK REGIONAL OFF-TRACK                          CHAPTER 9
BETTING CORPORATION,                                CASE NO. 12-43503-CEC

                              Adjusted Debtor

JENNIFER TOMASINO, KEVIN MONTANO,
RICHARD MEYER, APRYL MEYER,

                              Plaintiffs,           Adv. Proc. No. 1-18-01033-CEC

        v.

INCORPORATED VILLAGE OF ISLANDIA,
BOARD OF TRUSTEES OF THE
INCORPORATED VILLAGE OF ISLANDIA,
DELAWARE NORTH ISLANDIA
PROPERTIES, LLC, a/k/a DELAWARE
NORTH, and SUFFOLK REGIONAL OFF-
TRACK BETTING CORPORATION,

                              Defendants.

## <u>CERTIFICATE OF SERVICE</u>

        I, CHARLES W. MALCOMB, an attorney, hereby certify that on this 21st day of
January, 2019, a true and correct copy of the foregoing *Defendant Delaware North Islandia
Properties LLC's Responses to Plaintiffs' Objections to the Bankruptcy Court's Proposed
Findings of Fact and Conclusions of Law*, were served via ECF upon all parties registered to
receive service via ECF in this case.


Dated:    January 21, 2019
          Buffalo, New York


                                        s/  Charles W. Malcomb
                                        Charles W. Malcomb